IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT W. WYERICK, | ) | CASE NO. 3:09CV2375 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| TIM BRUNSMAN, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Brett W. Wyerick ("Wyerick") pursuant to 28 U.S.C. § 2254 on October 14, 2009. Wyerick is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State vs. Wyerick*, Case No. 22006153 (Mercer County 2006). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The state appellate court reviewing Wyerick's appeal of the denial of his petition for post-conviction relief found the following relevant facts:

{¶ 2} In June 2006, the Mercer County Sheriff's Department filed a complaint against Wyerick in the Mercer County Court of Common Pleas, Juvenile Division, alleging that Wyerick was a delinquent child based on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree if committed by an adult; one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree if committed by an adult; one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree if committed by an adult; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree if committed by an adult; one count of attempted rape in violation of R.C. 2907.02(A)(2) and 2923.02, a felony of the second degree if committed by an adult; one count of attempted sexual battery in violation of R.C. 2907.03(A)(1) and 2923.02, a felony of the fourth degree if committed by an adult; and, one count of attempted gross sexual imposition in violation of R.C. 2907.05(A) and 2923.02, a felony of the fifth degree if committed by an adult. The complaint arose from an incident whereby Wyerick, then seventeen years old, entered a family's residence by removing a basement window, entered the bedroom of a thirteen year-old child while wearing a mask and carrying a knife, covered the child's mouth when she attempted to scream, and admitted that he had intended to engage in sexual conduct with the child.

{¶ 3} Contemporaneously, the State moved to transfer jurisdiction from the Juvenile Division to the Mercer County Court of Common Pleas pursuant to R.C. 2152.10 and 2152.12 and Juv.R. 30, because Wyerick was sixteen years of age or older at the time of the offenses, was alleged to have committed a category two offense, and had been previously adjudicated a delinquent child for committing a category one or category two offense. Subsequently, Wyerick appeared before the Juvenile Division and entered a denial of all allegations in the complaint.

{¶ 4} In July 2006, the Juvenile Division transferred jurisdiction to the Mercer County Court of Common Pleas, finding that Wyerick was eligible for both mandatory and discretionary transfer because the complaint alleged that he had committed a category two offense; because he was sixteen years of age or older at the time of the offenses; because he had previously been adjudicated a delinquent child for committing a category two offense; and, because he was not amenable to care or rehabilitation within the juvenile system. Evidence was presented at the bindover hearing that, although a recipient of sex offender treatment, Wyerick remained at a high risk for sexual offending; that he had two previous sex offenses with two different victims; that he had used threats, violence, and weapons in his prior sex offenses; and, that he was socially isolated, impulsive, antisocial, and had a personality disorder with psychopathic,

> narcissistic, and avoidant traits. Wyerick's trial counsel presented no evidence disputing the bindover.
>
> {¶ 5} In August 2006, the State filed a bill of information against Wyerick in the Mercer County Court of Common Pleas alleging one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and, one count of attempted sexual battery in violation of R.C. 2907.03(A)(1) and 2923 .02, a felony of the fourth degree. Thereafter, Wyerick waived prosecution by indictment, consented to prosecution by bill of information . . . . Thereafter, Wyerick entered a plea of guilty to all counts contained in the bill of information pursuant to plea negotiations.
>
> {¶ 6} In October 2006, the trial court classified Wyerick as a sexual predator. Additionally, the trial court sentenced Wyerick to an eight-year prison term on the burglary conviction, a four-year prison term on the abduction conviction, and a sixteen-month prison term on the attempted sexual battery conviction, all to be served consecutively for an aggregate of thirteen years and four months.

*State v. Wyerick*, 2008 WL 2003805, *1-3 (Ohio App. May 12, 2008) (footnotes omitted). The court entered Wyerick's guilty plea on August 29, 2006. It entered judgment against him as a sexual predator and judgment of sentence on October 12, 2006. Wyerick did not timely appeal his conviction or sentence.

On November 5, 2007, Wyerick filed a notice of appeal and filed in the state appellate court a motion for leave to file a delayed appeal. On December 17, 2007, the state appellate court overruled Wyerick's motion and denied leave to appeal for failing to set forth sufficient reasons for not filing a timely notice of appeal.

Wyerick filed iin the Ohio Supreme Court a notice of appeal of the state appellate court's decision on January 30, 2008. On May 7, 2008, the Ohio Supreme Court denied leave to appeal.

In the meantime, Wyerick filed in the trial court a petition for post-conviction relief pursuant to Ohio Rev. Code § 2952.21 ("§ 2953.21") on May 8, 2007. Wyerick asserted

five grounds for relief in his petition:

> 1) The defendant was denied effective assistance of counsel in the bindover proceedings and the plea and sentencing, in violation of the Sixth Amendment to the United States Constitution, and Article I, section 10 of the Ohio Constitution.
>
> 2) The defendant was denied equal protection under law as the mandatory bindover process violated a juvenile's right to Equal Protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Ohio Constitution.
>
> 3) The defendant was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 16 of the Ohio Constitution.
>
> 4) The defendant's mandatory transfer violated the Eighth Amendment of the United States Constitution.
>
> 5) The defendant should be resentenced in accordance with R.C. 2941.25(A).

(Capitalization altered from the original.) The court trial denied Wyerick's petition as without merit on October 30, 2007.[1]

On December 10, 2007, Wyerick filed in the state appellate court an appeal of the trial court's denial of his petition for post-conviction relief. Wyerick raised one assignment of error in his appeal:

> The court erred in denying the petition for post conviction relief as the defendant was denied effective assistance of counsel in the bindover proceedings, the plea, and the sentencing, in violation of the Sixth Amendment to the United States Constitution, and Article I, section 10 of the Ohio Constitution.

(Capitalization altered from the original.) On May 12, 2008, the state appellate court

---

[1] There is some doubt about the accuracy of this date. The trial court's opinion is stamped as filed both on October 1, 2007 and October 30, 2007. Using the latter date gives Wyerick the benefit of the doubt with respect to this uncertainty. Regardless of which date the court uses, however, Wyerick's petition is nevertheless barred by the statute of limitations.

4

found that Wyerick's assignment of error and its subsidiary claims were procedurally barred by the doctrine of *res judicata* and affirmed the judgment of the trial court.

Wyerick timely appealed the judgment of the state appellate court to the Ohio Supreme Court. On October 30, 2008, the Ohio Supreme Court denied leave to appeal.

Wyerick filed a petition for a federal writ of habeas corpus in this court on October 14, 2009. Wyerick asserted a single ground for relief in his petition, ineffective assistance of trial counsel.

On February 18, 2010, respondent filed a motion to dismiss Wyerick's petition as time-barred. Doc. No. 6. Wyerick filed an opposition to respondent's motion on March 17, 2010. Doc. No. 7.

II

*A. Jurisdiction*

Wyerick was sentenced by the Court of Common Pleas of Mercer County, Ohio. Wyerick filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). This court has geographic jurisdiction over Wyerick's claims.

5

*B. Statute of Limitations*

Respondent argues that Wyerick's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The trial court entered judgment against Wyerick on October 12, 2006. Ohio App. R. 4(A) requires a defendant to file a timely notice of direct appeal within 30 days of entry of judgment. As Wyerick did not file a timely direct appeal, the statutory period began to run on November 12, 2006. The period ran for 177 days, until May 8, 2007, when Wyerick filed his petition for post-conviction relief. Adjudication of this petition and its appeal was final on October 30, 2008, when the Ohio Supreme Court denied leave to appeal the denial of Wyerick's petition for post-conviction relief.[2] The statutory period

---

[2] Wyerick's motion for a delayed direct appeal and his appeal of the denial of that motion occurred during the pendency of the adjudication and appeal of his petition for post-conviction relief.

began to run once more, therefore, on October 31, 2008. It ran through May 6, 2009, after which it expired. Thus, when Wyerick filed his habeas petition on October 14, 2009, the statutory period within which he could have filed a timely habeas petition had expired more than five months previously. Wyerick's petition for a federal writ of habeas corpus, therefore, is untimely.

Wyerick asks the court to equitably toll the running of the statutory period during the 180-day period between the entry of judgment against him in the trial court and the deadline for filing a petition for post-conviction relief. Equitable tolling of the statutory period is available in certain unusual cases:

> Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling." *McClendon,* 329 F.3d at 494. . . .
>
> A court must consider the following factors in deciding whether equitable tolling should apply:
>
> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.
>
> *Id.* at 1008. "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003). This court has also emphasized that "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Id.*

*Allen v. Yukins*, 366 F.3d 396, 401-02 (6th Cir. 2004).

Wyerick asks the court to consider the following factors in granting equitable tolling: (1) the intention of the Ohio State legislature in authorizing 180 days for defendants to prepare a petition for post-conviction relief; (2) Wyerick's status as a

7

juvenile when he was bound over and sentenced; (3) Wyerick's filing of a petition for post-conviction relief and an unsuccessful appeal of the denial of that petition; and (4) Wyerick's diligence in filing a petition for a federal writ of habeas corpus.  Wyerick gives no satisfactory reason why the running of the statutory period for filing a timely habeas petition should be tolled during the 180-day period for filing a petition for post-conviction relief.  Petitioner cites *Vaquez v. Kingston*, 422 F. Supp. 2d 1006 (2006), for the proposition that "[h]abeas [c]ourts are to apply state law when determining whether a state post-conviction petition is filed for purposes of tolling habeas limitations period[s] under the AEPDA [sic]."  Opposition at 3-4.  Wyerick does not explain how this proposition supports his argument.[3]  Nor does Wyerick explain how his status as a juvenile or how his unsuccessful petition for post-conviction relief argue in favor of equitable tolling.  Finally, as Wyerick's petition was untimely, he can hardly argue that he was diligent in filing his habeas petition.  In sum, Wyerick makes no coherent argument in favor of tolling and does not make any argument that addresses the five factors described in *Yukins*.  For these reasons, equitable tolling is unwarranted in Wyerick's case.

---

[3] Moreover, the holding in *Vasquez* was that federal courts must look to state law in determining *when* a petition for post-conviction relief was filed in ascertaining whether the petition was properly filed.  This proposition, too, seems of dubious relevance to Wyerick's argument.

8

III

For the reasons given above the court should grant respondent's motion and dismiss Wyerick's petition for a writ of habeas corpus as untimely filed.

Date:  March 23, 2010                              /s/ Nancy A. Vecchiarelli
                                                   United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**