UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRETT W. WYERICK,** | ) | Case No. 3:09CV02375 |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **TIM BRUNSMAN,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") prepared by Magistrate Judge Nancy A. Vecchiarelli, which recommends dismissal of Wyerick's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed. (Doc. No. 8.) Wyerick filed an objection to the R&R. (Doc. No. 9.) For the reasons that follow, the objection is OVERRULED, the R&R is ACCEPTED, and the petition is DISMISSED.

**I. Introduction**

In the R&R, the Magistrate Judge found the petition barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Given Wyerick's failure to file a timely direct appeal of the state court judgment, the statutory period began to run on November 12, 2006, and stopped 177 days later, on May 8, 2007, when he filed his petition for state post-conviction relief. Appellate review of the state post-conviction petition ended on October 30, 2008, when the Ohio Supreme Court denied leave, so the clock started running again, and continued to do so until it expired on May 6, 2009—rendering Wyerick's federal habeas petition, filed October 14, 2009, barred by the statute of limitations.

Wyerick does not contest any part of this analysis. He argues, however, that

equitable tolling should apply to suspend the running of the clock during the 177-day period between the entry of judgment by the trial court and his filing for state post-conviction relief. The Magistrate Judge identified the correct standard governing the application of equitable tolling, *see Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and rejected Wyerick's contention, finding that the petitioner failed to construct his argument around the pertinent factors and that his lone case citation, *Vasquez v. Kingston*, 422 F. Supp. 2d 1006 (E.D. Wis. 2006), offered no support for applying equitable tolling in this case.

In his cursory, two-page objection to the R&R, Wyerick rehashes the same arguments he made to the Magistrate Judge, repeating his reference to *Vasquez* and arguing that Ohio Revised Code § 2953.21, which establishes a 180-day deadline for filing a petition for state post-conviction relief, somehow entitles him to equitable tolling.

## II. Law & Analysis

Performing the de novo review required by Federal Rule of Civil Procedure 72(b)(3),[1] the Court finds no error in the Magistrate Judge's analysis. The Sixth Circuit acknowledges two paths to equitable tolling in habeas cases: (1) where the petitioner makes a credible showing of actual innocence, *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005); and (2) where a five-factor test—(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim—balances in favor of equitably tolling the limitations period. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Wyerick does not argue actual innocence and fails to demonstrate sufficient facts and

---

[1] The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

circumstances to warrant equitably tolling the statute of limitations under the five-factor test.

Wyerick's specific objections to the R&R are devoid of merit. *Vasquez*, the only case he cites, is completely inapposite; it does say, as Wyerick points out, that federal habeas courts look to state law to determine the dates to use when performing statute of limitations calculations (for instance, by determining the date on which a state court judgment becomes final). But it certainly does not say (or even suggest) that federal courts should import state post-conviction filing periods and transform them into federal statute of limitations tolling rules. And the mere fact that the Ohio Revised Code provides a 180-day filing period for state post-conviction petitions says nothing about why AEDPA's one-year statute of limitations should be tolled in this case on equitable grounds. The state-prescribed filing period has no bearing on any of the factors that govern the equitable tolling analysis. Here, the Magistrate Judge correctly performed the statute of limitations calculation and found that the time expired on May 6, 2009, well before Wyerick filed the instant petition on October 14, 2009. His petition is therefore barred by 28 U.S.C. § 2244(d)(1).

**III. Conclusion**

For these reasons, the Court finds that Wyerick's objections lack merit and ACCEPTS the R&R in its entirety. The petition is DISMISSED with prejudice because it is barred by the applicable statute of limitations. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 5, 2010

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**